# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

John Zupancich, on behalf of himself
and all others similarly situated,

                         Plaintiff,                **MEMORANDUM OPINION AND ORDER**

    v.                                            Civil No. 08-5847 ADM/RLE

United States Steel Corporation,

                         Defendant.

_____

Deanna Dailey, Esq. and Mara Thompson, Esq., Sprenger & Lang, PLLC, Minneapolis, MN appeared for and on behalf of the Plaintiff.

Bruce J. Douglas, Esq. and Carrie Zochert, Esq., Larkin Hoffman Daly & Lindgren, Ltd., Minneapolis, MN, appeared for and on behalf of the Defendant.

_____

## I. INTRODUCTION

On March 17, 2009, the undersigned United States District Judge heard oral argument on Defendant United States Steel Corporation's ("U.S. Steel") Motion to Dismiss [Docket No. 23]. John Zupancich ("Zupancich") and the class he seeks to represent allege class-wide violations of Minnesota wage and hour laws and regulations under Rule 5200.0120, subpart 1, of the Minnesota Administrative Code. U.S. Steel removed the action to federal court from its filing venue in St. Louis County, Minnesota. The Court previously denied Zupancich's Motion to Remand [Docket No. 7] in a December 31, 2008 Order [Docket No. 22]. For the reasons set forth below, U.S. Steel's Motion to Dismiss is granted.

## II. BACKGROUND[1]

Zupancich is a resident of Britt, Minnesota. He began working for U.S. Steel in 1976 and has worked as an hourly employee at its Mt. Iron facility ("Minntac") since 1990. Notice of Removal [Docket No. 1] Attach. 1, Compl. ¶ 2. Zupancich alleges that U.S. Steel does not pay hourly employees for the time between when an employee "swipes-in" at the security gate and when he arrives at his work station. Id. ¶¶ 4-6. Additionally, U.S. Steel deducts six minutes of paid work time if an employee swipes his card as he leaves the premises any sooner than six minutes after his shift ends. Id. ¶ 11.

Zupancich commenced this action in state court alleging a violation of the Minnesota Fair Labor Standards Act ("MFLSA"). Minn Stat. §§ 177.21-.35. On October 27, 2008, U.S. Steel removed the action to federal court on the basis of federal question and diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). Zupancich moved to remand the action back to state court on November 14, 2008. The Court denied his motion to remand, finding that diversity jurisdiction exists under CAFA and that a federal question exists because the MFLSA claims would require the Court to evaluate the collective bargaining agreement ("CBA"), thus raising a question of preemption under section 301 of the Labor Management Relations Act, codified at 29 U.S.C. § 185(a) ("section 301"). U.S. Steel now moves to dismiss on the grounds that (1) the MFLSA claim is preempted by section 301, (2) the MFLSA claim is inadequately pled, and (3) the unjust enrichment and quantum meruit claims are preempted and are controlled by a valid contract.

---

[1] In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

## III. DISCUSSION

### A. Motion to Dismiss Standard

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Eighth Circuit recognizes that on Rule 12(b)(6) motions, courts may consider public records and matters that are "necessarily embraced by the pleadings." See Porous Media Corp. v. Pall Corp., 186 F.3d 1077 (8th Cir. 1999) (quoting Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co., 967 F. Supp. 1148, 1152 (D. Minn. 1997)). For example, where a plaintiff's claims arise out of a written contract, a court may consider an indisputably authentic copy of the contract in deciding a motion to dismiss. Stahl v. Dep't of Agric., 327 F.3d 697, 700-01 (8th Cir. 2003).

### B. MFLSA and Section 301 Preemption

Zupancich argues that U.S. Steel violated the MFLSA and related regulations by "fail[ing] to fully compensate its Employees for all time they are required to be on U.S. Steel property" and that "[a]s a result of U.S. Steel policies, Employees must work in excess of forty

hours per week but are only compensated for forty hours." Compl. ¶¶ 12, 24. U.S. Steel urges dismissal of this action arguing that section 301 of the Labor Management Relations Act completely preempts the claim under the MFLSA.

Congress has broad authority to legislate in the area of labor relations but has not exercised its authority to occupy the entire field of labor relations. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 208 (1985). Questions relating to "what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law." Id. at 211. However, "not every dispute concerning employment, or tangentially involving a provision of a collective bargaining agreement, is pre-empted by § 301." Id. In determining whether a state law claim is preempted by section 301, a court must determine whether the state law remedy is "independent" of the collective bargaining agreement. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 407 (1988). For section 301 preemption purposes, independent means that "resolution of the state-law claim does not require construing the collective bargaining agreement." Id.

Zupancich cites two cases for the proposition that a plaintiff is not required to exhaust the union grievance process before filing suit over wages under wage and hour law. The first case is Barrantine v. Arkansas-Best Freight System, Inc., in which the Court ruled that because the federal Fair Labor Standards Act ("FLSA") was "designed to provide minimum substantive guarantees to individual workers," a plaintiff may bring suit in federal court prior to exhausting the grievance process. 450 U.S. 728, 737 (1981). Barrantine is inapposite to this case. The Court in Barrantine balanced the intention of Congress as it applied to two *federal* statutes. Id. at 735, 739. A key consideration for the Court was whether Congress intended that FLSA impart

4

an individual right that should not be subsumed by the collective right to bargain in section 301. Id. at 734, 35. When individual and collective rights created by federal statutes are in tension, the analysis often turns on whether Congress intended to allow an individual access to the courts prior to exhausting the procedures in a CBA. See 14 Penn Plaza LLC v. Pyett, 129 S. Ct. 1456, 1466 (2009) (holding that a mandatory arbitration clause that constrains an employee's ability to sue in court for a violation of his individual rights under the Age Discrimination in Employment Act is not outside the permissible scope of the collective bargaining process). Congress's ability to create a court forum for a claim that may be dependent on a CBA is not a factor in analyzing whether section 301 preempts a state law, which requires the Court to determine whether the state law claim is "independent" in the sense that the claim does not require the Court to construe the CBA. The analysis in Barrantine did not consider whether the FLSA is an "independent" claim.[2]

The other case relied upon by Zupancich in the preemption argument is Andrako v. United States Steel Corp. 07-1629, 2008 U.S. Dist. LEXIS 37617, *1 (W.D. Pa. May 8, 2008). In Andrako, the court denied U.S. Steel's motion to dismiss the FLSA claim on the ground that it was preempted by section 301. Id. at *19. However, the court also found that the state law claim under the Pennsylvania Wage Payment and Collection Law was preempted by section 301 because determination of that claim was dependent on the CBA. Id. at * 22. The finding that the

---

[2] In his Opposition Brief, Zupancich cites language from Barrantine that refers to an independent statutory right. Pl.'s Mem. in Opp'n to Mot. to Dismiss [Docket No. 29] at 10. This language is a quote from Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974) in which the Court found that a plaintiff may bring suit in federal court under Title VII of the Civil Rights Act of 1964 without exhausting the grievance process. The Court did not base its holding on whether the FLSA provided an independent right.

state law wage claim is preempted by section 301 is consistent with the decisions of other courts and support U.S. Steel's position here. See Mowry v. United Parcel Serv., 415, F.3d 1149, 1157 (10th Cir. 2005) (finding that a claim for underpayment of wages under the Colorado Wage Act was preempted because the court would need to determine wages to be paid, whether plaintiff was underpaid, and if so, the amount of shortfall—all of which would require examination of the CBA).

The question before the Court is not whether the statute creates an individual right. Rather the Court must determine whether a claim asserting that right could be resolved on its merits without resort to the terms of the CBA. In this respect, the MFLSA is substantially different from the FLSA. Unlike the FLSA, the MFLSA specifically anticipates that employees may bargain collectively with their employers to establish wages and conditions of work more favorable to the employees than those required under the MFLSA. Minn. Stat. § 177.35. Thus, in evaluating the MFLSA claim, the plain language of the statute requires the Court to examine the CBA to determine whether the agreement negotiated by the parties, including the bargain over the swipe-in system, resulted in conditions that are more favorable to the employees. As such, the claim is inextricably intertwined with the CBA and is not independent. Allis-Chalmers, 471 U.S. at 208; Lingle, 486 U.S. at 407. Accordingly, U.S. Steel's motion to dismiss the MFLSA claim is granted.[3]

## C.    Unjust Enrichment and Quantum Meruit

U.S. Steel argues that the unjust enrichment and quantum meruit claims also must be

---

[3] Because the Court grants U.S. Steel's motion to dismiss the MFLSA claim on the ground that it is preempted by section 301, the Court need not address the argument that the claim should be dismissed for failing to adequately plead the claim.

dismissed because (1) they are preempted by section 301 and (2) they are equitable claims not available to Zupancich because the parties are governed by a valid contract. Like the MFLSA claim, these claims are inextricably intertwined with the CBA and are preempted by section 301. See Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust for Southern California, 463 U.S. 1, 23 (1983) (finding that the force of section 301 is so powerful as to displace entirely any state cause of action for violations of contracts between an employer and a labor organization). Additionally, these claims are equitable claims and a party may not seek an equitable remedy when there is an adequate remedy at law. Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc., 493 N.W.2d 137, 140 (Minn. Ct. App. 1992). In Minnesota, the existence of an express contract between the parties, in this case the CBA, precludes recovery under the theories of unjust enrichment and quantum meruit. Sharp v. Laubersheimer, 346 N.W.2d 268, 271 (Minn. 1984). Therefore, regardless of whether these claims are preempted by section 301, the existence of the CBA precludes recovery for unjust enrichment and quantum meruit.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant United States Steel Corporation's Motion to Dismiss [Docket No. 23] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


　　s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 27, 2009.